# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS E. BORNHOFER,

        Plaintiff,

v.                                                                                 Case No. 03-C-1473

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

# DECISION AND ORDER

      The above-captioned action comes before this Court for judicial review of a final decision of the Commissioner ("the Commissioner") of Social Security. On August 31, 2001, Thomas Bornhofer ("Bornhofer") filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 402(e) & 405(g). That application was denied initially and upon reconsideration. Subsequently, a hearing was held on February 10, 2003. In a decision dated May 22, 2003, an administrative law judge ("the ALJ") found that Bornhofer was not under a disability, as defined in the Social Security Act, and was not entitled to a period of disability and disability insurance benefits.

      Bornhofer contends that the ALJ's decision is not supported by substantial evidence. Specifically, Bornhofer contests the ALJ's determination that "the objective medical evidence did not support the Plaintiff's [Bornhofer's] complaints and allegations concerning

his impairments and limitations." (Pl.'s Br. at 4.) Bornhofer claims that he does not retain the RFC to perform substantial gainful activity as evidenced by his restricted daily activities and the level of pain he experiences.

This Court's review of the Commissioner's final determination is circumscribed by 42 U.S.C. § 405(g). The Court will only reverse the Commissioner if her findings are not supported by substantial law or are the result of an erroneous application of the law. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence" is relevant evidence, which a reasonable mind could accept as adequate support for a conclusion. *See Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). When assessing whether evidence is substantial, the Court will consider the entire administrative record, but will not reevaluate facts, reweigh evidence or substitute its judgment for that of the agency. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). This, however, does not mean that the Court will simply rubber-stamp the Commissioner's decision. On the contrary, the Court will critically review the evidence and uphold the Commissioner's decision only if it supported by the record or contains an adequate discussion of relevant issues. *Id.*; *Steel v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). The ALJ's decision must build a logical bridge from the evidence before him to his conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

The Social Security Administration ("SSA") regulations set forth a five-step inquiry for determining whether a claimant is disabled:

> (1) whether the claimant is currently employed;
> (2) whether the claimant has a severe impairment;

2

> (3) whether the claimant's impairment meets or equals one of the impairments listed by the SSA, *see* 20 C.F.R. § 404, Subpt. P, App. 1;
> (4) whether the claimant can perform her past work; and
> (5) whether the claimant is capable of performing work in the national economy.

20 C.F.R. § 404.1520. Regarding the application of this five-step process, the Court of Appeals for the Seventh Circuit has explained:

> If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy.

*Knight*, 55 F.3d at 313.

In the instant appeal, Bornhofer argues that the ALJ's determination was not supported by the record, specifically contending that the ALJ erred when he found that the objective medical record did not confirm the degree of pain that Bornhofer alleged. (Tr. 16.) The crux of Bornhofer's argument is that, insofar as the objective medical evidence supports, or at least does not refute, his subjective complaints, the ALJ had no reason to discount Bornhofer's allegations of pain. In other words, there is nothing in the record to suggest that Bornhofer was anything but credible.

ALJs must comply with Social Security Ruling 96-7p when making credibility determinations as part of considering an application. *See Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991). That Ruling requires ALJs to make explicit the reasons underlying their credibility determinations:

3

> The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered' or that "the allegations are (or are not) credible." . . . The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

1996 WL 374186, at *4 (S.S.A. July 2, 1996). Thus, an ALJ cannot simply ignore an applicant's allegations, and must make his reasoning clear. *Zurawski v. Halter*, 245 F.3d 881, 887-88 (7th Cir. 2001).

Also relevant to the present inquiry, 20 C.F.R. § 404.1529 explains how an ALJ should evaluate a claimant's symptoms. That regulation explains that statements of pain will be considered against the backdrop of the record as a whole, including the objective medical evidence. 20 C.F.R. § 404.1529(a). As a threshold inquiry, the ALJ must determine whether the claimant's "impairment(s) could reasonably be expected to produce" the claimant's alleged symptoms. 20 C.F.R. § 404.1529(b). Once this finding is made, the ALJ then considers the intensity and persistence of the claimant's symptoms in order to assess how those symptoms impact the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). Assessing the intensity and persistence of the claimant's symptoms entails considering various factors, including objective medical evidence, daily activities, the location, duration, frequency, and intensity of the claimant's pain, precipitating and aggravating factors, medications, treatments other than medication, measures implemented to relieve the symptoms, and functional limitations due to the pain. 20 C.F.R. § 404.1529(c)(3).

4

Finally, after the ALJ has assessed the intensity and persistence of a claimant's pain, he must determine the extent to which that pain affects the claimant's ability to perform work. *See* 20 C.F.R. § 404.1529(c)(4). A claimant's symptoms, including pain, "will be determined to diminish [his] capacity for basic work activities to the extent that [his] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id*.

Though ALJs must conform to the above requirements, a court may find that complaints, which are not fully supported by the extant medical record, may prove probative of a claimant's credibility. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). Still, a disparity between the objective medical record and the claimant's subjective complaints, absent more, cannot provide a basis for a negative credibility finding. *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005). Courts recognize that credibility determinations "often involve intangible and unarticulable elements which impress the ALJ, that, unfortunately leave no trace that can be discerned in this or any other transcript." *Edwards v. Sullivan*, 985 F.2d 334, 338 (7th Cir. 1993).

The key portion of the ALJ's decision, for purposes of this appeal, is found on the fourth and fifth pages of his decision. (*See* Tr. 16-17.) The ALJ cited the consideration of pain as set forth in 20 C.F.R. § 404.1529, before identifying Bornhofer's various diagnoses. (Tr. 16, ¶ 3.) The ALJ then stated that there was "substantial evidence in the record demonstrating that claimant [Bornhofer] has suffered significant pain because of his back

5

condition, and he has been diagnosed and treated by several doctors for back problems and the resulting pain." (*Id*.) However, the ALJ found that "the record does not establish that the claimant is subject to any impairment, or combination of impairments, which meets or equals the requirements of the Listing of Impairments in Appendix 1, Subpart P, Regulation No. 4." (*Id*.) Thus, the ALJ determined that Bornhofer did not satisfy the third step of the five-step sequential disability inquiry.

Explaining Bornhofer's failure to satisfy the third step of the inquiry, the ALJ stated that "the objective medical signs and laboratory findings presented at the hearing did not confirm that alleged severity of the pain which plaintiff claimed to be experiencing severe enough to constitute a finding of disability." (*Id*.) In reaching this conclusion, the ALJ first described what he deemed Bornhofer's "fairly limited" daily activities. (Tr. 16.) Of particular note, the ALJ pointed out that Bornhofer spends most of his day sitting in a recliner to relieve back pressure. (*Id*.) The ALJ stated that walking any distance greater than one-half block aggravates Bornhofer's back pain. Furthermore, Bornhofer was neither able to carry a laundry basket down steps nor bend over a sink to wash dishes for a sustained period of time. (*Id*.)

Having identified these various limitations, the ALJ found two factors that weighed "against considering these allegations [of Bornhofer's daily activities] to be strong evidence in favor of finding the claimant disabled." (Tr. 16.) The ALJ explained:

> First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities

6

are truly as limited as alleged, it is difficult to attribute that degree of limitation
to the claimant's medical condition, as opposed to other reasons, in view of the
medical evidence and other factors discussed in this decision.

(Tr. 17.)

Precisely what "other reasons" limit Bornhofer's activities is not entirely clear. However, in the next paragraph of his decision, the ALJ stated that "the claimant's condition did not rise to the level of severity required by section 1.04 (20 CFR part 404, subpart P, Appendix 1)." (Tr. 17.) The ALJ also cited four physicians who "never found [Bornhofer] unable to work." (*Id.*) Further, the ALJ considered a physician's statement releasing Bornhofer to work as of January 31, 2002. (*Id.*)[1]

In compliance with 20 C.F. R. § 404.1529 (c)(3), the ALJ identified Bornhofer's daily activities, the medical diagnoses and sources of Bornhofer's pain, his use of Ibuprofen and efforts to ease his pain–such as sitting in a recliner for back support, and those functional limitations evidenced in the record. Bornhofer's claims of limited activity, as viewed by the ALJ, were understood as *supporting* his claim of disability. Thus, the ALJ, stated that "even if the claimant's daily activities are *truly as limited as alleged*, it is difficult to attribute that degree of limitation to the claimant's medical condition . . . ." (Tr. 17) (emphasis added).

---

[1]The Court notes that opinions regarding a claimant's ability to work are not properly considered part of the "objective medical record." *See* 20 C.F.R. § 404.1529(a) (defining objective medical evidence as "medical signs and laboratory findings, as defined in 20 C.F.R. § 404.1528 (b) & (c)"); *Ruiz Cont'l Cas. Co.*, 400 F.3d 986, 992 (7th Cir. 2005) (stating that physician's opinion was not supported by objective evidence); *Kilps v. Barnhart*, 250 F. Supp. 2d 1003, 1012 (E.D. Wis. 2003) (explaining that ALJ did not supply adequate reasons for rejecting physician's opinion by claiming that physician's opinion was not supported by objective medical findings). Thus, the ALJ's opinion, contrary to Bornhofer's representation, did take into account information in addition to objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(3) ("The information that you, your treating or examining physician . . . provide about your pain or other symptoms . . . is also an important indicator of the intensity and persistence of your symptoms.").

7

Thus, the ALJ found that Bornhofer's testimony about his limited activities lent credibility to his claims of severe pain.

The Court notes, however, that Bornhofer's appeal ultimately challenges the ALJ's finding that Bornhofer's impairments and limitations were not as severe as he claimed and that "he retained the residual functional capacity to perform a significant number of jobs despite his impairments." (*See* Pl.'s Br. at 2.) Thus, the Court understands that Bornhofer contests the ALJ's analysis at step five of the disability inquiry. Turning to the later steps of the inquiry, the ALJ once again references a disjunct between Bornhofer's claims of pain and the objective medical record when evaluating Bornhofer's residual functional capacity. (Tr. 17.) The ALJ concluded that Bornhofer retained the capacity to perform light work that involves position changes, occasional stooping and crouching, and limited use of his non-dominant arm. (*Id*.) The ALJ stated:

> These physical limitations are the result of claimant's pain. In finding that the claimant can perform a rang [sic] of light work activities, the undersigned concludes that the complaints and allegations about pain and pain related limitations are generally credible but not to the extent that they reflect an inability to engage in light work activities subject to the aforementioned restrictions.

(Tr. 17.) The ALJ supported these conclusions by pointing to two physical residual functional capacity assessments by non-examining, medical consultants, as well as a statement from a physician releasing Bornhofer to work as of January 31, 2002. (Tr. 17.)

Based on the foregoing, the Court gathers that, at least in two steps of the sequential disability inquiry, the ALJ found that Bornhofer's subjective statements of pain were not

8

entirely congruous with the objective medical record and other available evidence in the record. First, the ALJ pointed to Bornhofer's claims of limited activity and pain, and stated that the objective medical evidence did not conform to his claimed level of pain. (Tr. 16.) Second, the ALJ stated that Bornhofer's daily limitations could not be attributed to his medical condition and these "physical limitations" were the result of his pain, which was not so severe as to limit him from engaging in light work. (Tr. 17.)

Bornhofer states that "[o]ther than the objective medical evidence . . . there are no factors discussed in the decision which have any bearing on the issue of Plaintiff's disability." (Pl.'s Br. at 5.) Yet, the ALJ identified multiple factors that he considered, including Bornhofer's daily activities and the opinions of physicians related to Bornhofer's physical condition, including a statement releasing Bornhofer to work. Furthermore, contrary to Bornhofer's assertion, the ALJ did not "reject the claimant's subjective complaints of pain." (Tr. 6.) Instead, the ALJ found those complaints credible and corroborated by the record, to a point. (Tr. 17.) The Court finds this determination supported by the evidence as a whole, especially since the ALJ's decision chronicled the success of certain treatments and the ability to perform certain tasks for a period of time before Bornhofer's pain becomes exacerbated.

Bornhofer argues that "[a]s a rule, an ALJ, if the ALJ rejects the claimant's subjective complaints of pain and limitation, must make an express credibility determination detailing the reasons for discrediting the testimony, setting forth the inconsistencies and discussing the

9

factors to be considered in assessing the credibility of a claimant's subjective pain allegations." (Pl.'s Br. at 6.) This proposition is supported by a citation to an Eighth Circuit case. However, in the Seventh Circuit, "where the reasoning of the ALJ's decision is apparent, we do not require the ALJ to articulate explicitly his credibility determinations." *Abrogast v. Bowen*, 860 F.2d 1400, 1406 (7th Cir. 1988). The ALJ clearly took into account Bornhofer's claims of pain. The decision states that there is evidence that Bornhofer has "suffered significant pain." (Tr. 16.) The ALJ considered the medication Bornhofer takes and those measures that both exacerbate and relieve his condition. The ALJ also considered the objective medical evidence as well as other evidence including Bornhofer's testimony and the opinions of medical professionals. Having weighed all of these factors, the ALJ concluded that Bornhofer's claims of pain were credible to a point, but did not establish disability.

The Court finds that the ALJ's decision makes clear why Bornhofer's subjective claims were not accepted in their entirety. That same decision makes clear what factors the ALJ considered and what evidence supported his conclusions. Thus, the decision addressed Bornhofer's claims with at least a minimal level of articulation. *Zalewski v. Heckler*, 760 F.2d 160, 166 (7th Cir. 1985). The decision finds support in the record and contains an adequate discussion of relevant issues.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The final decision of the Commissioner of Social Security denying Thomas Bornhofer's application for disability insurance benefits filed on August 31, 2001 is **AFFIRMED** and this action is **DISMISSED**.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of September, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**